STATE of Missouri ex rel., Elizabeth AL-
BERT, Wayne D. Albert, By His Next
Friend, and Division of Family Services,
Respondents,

v.

Larry Wayne SAUER, Appellant.

No. WD 48061.

Missouri Court of Appeals,
Western District.

Feb. 1, 1994.

James W. Gallaher, Douglas W. Hennon, Jefferson City, for appellant.

Mikeal R. Louraine, Asst. Pros. Atty., Callaway County, Fulton, for respondents.

Before BERREY, C.J., and KENNEDY and ELLIS, JJ.

PER CURIAM:

Larry Wayne Sauer appeals the portions of a 1993 order determining his nineteen-year-old son to be not emancipated and ordering the continued payment of $130 in monthly child support.

Mr. Sauer and Elizabeth Albert are the parents of Wayne D. Albert who was born on February 11, 1974. Paternity proceedings initiated in 1990 resulted in an order requiring Mr. Sauer to pay Ms. Albert $130 in monthly child support and to pay the state $25 a month toward an arrearage owed. When Wayne turned age eighteen in February 1992, Mr. Sauer determined that Wayne was not in school and notified Ms. Albert of his last support payment. Contempt proceedings against Mr. Sauer culminated in the 1993 order determining Wayne to be not emancipated, and ordering Mr. Sauer to continue the $130 support payments and to make $50 payments toward the arrearage.

The order is reversed in part.

■ At issue in this appeal is Mr. Sauer's obligation to continue support of a child over age eighteen. Under § 452.340.3(5), RSMo Supp.1992, a parent's obligation to make child support payments terminates when the child reaches age eighteen, unless the provisions of subsection 4 or 5 apply. Those subsections contain exceptions to termination of support for children age eighteen and older. The pertinent provisions of subsections 4 and 5 of § 452.340 are reproduced below:

4. If the child is physically or mentally incapacitated from supporting himself and insolvent and unmarried, the court may extend the parental support obligation past the child's eighteenth birthday.

5. If when a child reaches age eighteen, he is enrolled in and attending a secondary school program of instruction, the parental support obligation shall continue until the child completes such program or reaches age twenty-one, whichever first occurs....

Evidence at the contempt hearing held in May 1993 centered primarily on Wayne's schooling. Wayne dropped out of the ninth grade in 1991 when he was nearly age seventeen. After dropping out of high school, Wayne had an unspecified problem with the legal system and was placed on probation. Ms. Albert attempted to get Wayne enrolled in a G.E.D. program, but encountered difficulties with processing the paperwork. Wayne was eventually enrolled in a G.E.D. program and began attending classes in February 1993, the month he turned nineteen. Although he experienced problems with learning, Wayne was progressing in the G.E.D. program, and expected to pass the examination two months after the hearing. Wayne had plans to apply to a technical school and to study mechanics or body work.

Evidence on Wayne's mental condition and ability to support himself came from Ms. Albert's testimony. Ms. Albert believed Wayne to be presently incapable of supporting himself. However, she believed that Wayne could become self-supporting in the future if he completed his education and resolved his legal problem. Ms. Albert offered further testimony on Wayne's mental capabilities, marital status, and work history: Wayne suffered brain damage at age two. At age nineteen, Wayne had the mind of a fourteen or fifteen year old. Although Wayne competently performed his daily tasks, he had a bad memory and needed to be reminded. Wayne had never married. Wayne had continuously lived with Ms. Albert who provided his financial support. He could not hold on to money, tending to "blow" his money on his girlfriend. After dropping out of high school, Wayne had one job that did not work out. Wayne also had a seasonal yard job, and got paid for attending G.E.D. classes.

The trial court's order fails to specify which subsection of § 452.340 applies. Neither party effectively disputes the inapplicability of § 452.340.5, which allows continued support of a child over age eighteen who is completing secondary schooling. To qualify for continued support under subsection 5, the child must be both enrolled in and attending a secondary school program of instruction upon reaching age eighteen. *In re Marriage of Copeland,* 850 S.W.2d 422, 425 (Mo.App. 1993). Wayne was not enrolled in and attending the G.E.D. program when he turned age eighteen. Therefore, § 452.340.5 provides no basis for extending Mr. Sauer's child support obligation past Wayne's eighteenth birthday.

Mr. Sauer argues that insubstantial evidence supports the order of continued child support under § 452.340.4, which provides for extended support for an incapacitated child. Ms. Albert contends that her testimony provided uncontroverted evidence of Wayne's lack of mental capacity to support himself.

Section 452.340.4 contains three requirements: the child must be (1) physically or mentally incapacitated from supporting himself and (2) insolvent and (3) unmarried. A parent's duty to continue supporting a physically or mentally incapacitated child arises from the child's helpless condition. *Fower v. Fower Estate,* 448 S.W.2d 585, 586 (Mo.1970); *Lieberman v. Lieberman,* 517 S.W.2d 478, 480 (Mo.App.1974). Establishing a child's mental incapacity under § 452.340.4 can be accomplished by various means, including expert medical testimony or letters of guardianship for incapacitated person issued by the probate court. *See In re Marriage of D.R.S.,* 817 S.W.2d 615, 618 (Mo. App.1991); *see also Harris v. Rattini,* 855 S.W.2d 410, 412 (Mo.App.1993). The child's mental incapacity must impair child's ability to support himself. *Cf. D.R.S.,* 817 S.W.2d at 617 (Evidence offered pursuant to § 452.340.4 demonstrated that the daughter's mental illness impaired her ability to work regularly as a housekeeper). Evidence of learning difficulties, lack of training for work, or a disinclination to work fails to support a finding that a child is mentally incapacitated from supporting himself. *Harris,* 855 S.W.2d at 412. Showing a child's insolvency under § 452.340.4 requires some evidence of the child's earnings, living expenses, and ability to meet obligations. *See D.R.S.,* 817 S.W.2d at 618. The same facts that establish the child's inability to support himself can establish the child's inability to meet obligations. *Id.*

After considering Ms. Albert's testimony as true and in the light most favorable to the order, this court discerns a failure to offer substantial evidence on all requirements of § 452.340.4. The testimony established Wayne's unmarried status. Evidence probative of Wayne's insolvency included the financial support provided by Ms. Albert and Wayne's inability to hold on to money. However, no evidence indicated the amounts of Wayne's earnings and expenses, which are matters relevant to insolvency. The aggregate testimony on Wayne's mental condition, including brain damage, learning difficulties, bad memory, fails to demonstrate the level of incapacity contemplated by § 452.340.4. Even if Wayne's mental condition were sufficient to constitute mental incapacity, no evidence connected that mental condition with Wayne's inability to support himself. Evidence indicated that Wayne was not supporting himself, but no evidence indicated that he lacked the ability to support himself due to mental incapacity. In fact, testimony revealed that Wayne could become self-supporting with the proper training. Wayne's progress in the G.E.D. program and plans to attend technical school are factors indicative of a mental capacity to support himself.

The trial court erred. Any finding under the incapacity provisions of § 452.340.4 lacked substantial evidence to support it. Any finding under the education provisions of § 452.340.5 resulted in a misapplication of the law. Accordingly, the portions of the order determining Wayne to be not emancipated and requiring Mr. Sauer to continue the child support payments are reversed; the portion of the order requiring Mr. Sauer to pay the arrearage is affirmed.