**Robin Lee JONES, Respondent,**

v.

**Daniel Lewis JONES, Appellant.**

No. WD 51539.

Missouri Court of Appeals,
Western District.

June 18, 1996.

David Pettyjohn, Kansas City, for appellant.

Kathryn Davis, Assistant Prosecuting Attorney, Clay County, Liberty, for respondent.

Before LOWENSTEIN, P.J., and HANNA and SPINDEN, JJ.

SPINDEN, Judge.

When his son turned 18 years of age, Daniel Jones quit paying child support because his son had quit attending high school and was not enrolled in any educational program. Jones' ex-wife, Robin Lee Crouthamel,[1] asked the circuit court to declare that Daniel Jones was in contempt of court. Daniel Jones responded by asking the circuit court to terminate his $300 a month child support obligation. On July 24, 1995, the circuit court found Daniel Jones to be in contempt and ordered him to continue paying child support and to pay $1500 in unpaid child support as of that date. On August 18, 1995, the circuit court ordered that Daniel Jones be jailed until he paid the arrearage. We reverse.

Daniel Jones' son, Jonathan, attended Winnetonka High School in the North Kansas City School District until April 5, 1994. He quit the next day, at age 17, because of the embarrassment of wearing a leg band connected with a "house arrest" which was a part of probation for stealing his grandmother's car. He also had injured his hand. Jonathan Jones' 18th birthday was on May 3, 1994. He enrolled at North Kansas City High School on September 6, 1994, but attended classes on only a few days before quitting again on October 11, 1994.[2] During Spring 1995 he started attending classes to obtain his graduate equivalency diploma. The record does not indicate whether he obtained his GED.

Daniel Jones contends that the circuit court erred in concluding that his child support obligation continued after May 3, 1994, his son's 18th birthday. He argues that § 452.340.5, RSMo Supp.1995, relieved him of any responsibility to pay. That statute says:

If when a child reaches age eighteen, he is enrolled in and attending a secondary school program of instruction, the parental support obligation shall continue until the child completes such program or reaches age twenty-one, whichever first occurs. If the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school and so long as the child continues to attend such institution of vocational or higher education, the parental support obligation shall continue until the child completes his education, or until the child reaches the age of twenty-two, whichever first occurs. If the circumstances of the child manifestly dictate, the court may waive the October first deadline for enrollment required by this subsection. If the child is enrolled in such an institution, the child or obligated parent may petition the court to amend the order to direct the obligated parent to make the payments directly to the child. As used in this section, an "institution of vocational education" means any postsecondary training or schooling for which the student is assessed a fee and attends classes regularly. "Higher education" means any junior college, college, or university at which the child attends classes regularly.

Daniel Jones acknowledges the statute's October 1 exception, but he argues that it applies only in those cases in which a child *graduates* from a secondary school program of instruction.

Because Jonathan Jones had not been graduated from a secondary school program of instruction and was not enrolled in or attending such a program on his 18th birthday, Daniel Jones' obligation to pay child support ended. *State ex rel. Albert v. Sauer,* 869 S.W.2d 853 (Mo.App.1994).

In *Sauer,* this court considered whether a noncustodial parent was obligated to continue paying child support for a child who quit high school at age 17 and eventually, at age 19, began attending GED classes with plans to enroll in a vocational technical program.

---

1. Her surname was Jones when she initiated this action.

2. His attendance record indicated that his absences from class on four of the days were excused.

The *Sauer* court said, "[The child] was not enrolled in and attending the G.E.D. program when he turned age eighteen. Therefore, § 452.340.5 provides no basis for extending ... child support ... past [the child's] eighteenth birthday." *Id.* at 855.

Crouthamel counters by relying on this court's decisions in *Braun v. Lied*, 851 S.W.2d 93 (Mo.App.1993), and in *Thompson v. Dalton*, 914 S.W.2d 811 (Mo.App.1995). Both cases are different. Unlike Jonathan Jones, the child in *Braun* had been graduated from a secondary school program of instruction by her 18th birthday. In *Thompson*, this court said:

> [In this case, the child] dropped out of high school before his eighteenth birthday, because of his learning disability. However, dropping out of a formal school setting did not end [the child's] educational endeavors. [He] enrolled in a GED program after he dropped out of high school, which consisted of home study followed by an examination, and the record shows that he studied for the exam at home. He took the examination. He purchased all of the books and materials necessary for him to prepare for the examination before his eighteenth birthday. Although he did not pass, he re-entered the GED program before his eighteenth birthday and signed up to take the examination in December 1994. In addition to studying and preparing for the examination, [he] enrolled in a two-year aviation mechanics course at Maple Woods [Community] College five days after his eighteenth birthday.

*Id.* at 813 (footnote omitted). Jonathan Jones, on the other hand, had clearly quit all study before graduation and before his 18th birthday. His studies were not ongoing and in a natural period of recess such as summer vacation. He did re-enroll in high school the next fall, but only to quit again after only a month of missing more classes than he attended. He did not undertake any vocational training. He waited until March 1995 to undertake GED studies—nearly a year after his 18th birthday.

Crouthamel asserted at oral argument that *Thompson* should be read as construing § 452.340.5 to require a reasonable waiting time before child support is terminated—a time long enough to determine whether the child will continue his education. She asserted that Jonathan Jones was back in school at the earliest next opportunity[3] and that Daniel Jones was required to wait at least this long before ending his child support payments. We disagree. The *Thompson* court interpreted the statute's requirement that a child be "enrolled in and attending a secondary school program of instruction" to include study for the GED, but it did not suggest that the statute mandates a reasonable waiting period.

Daniel Jones' obligation to provide financial support for Jonathan Jones ended on May 3, 1994. We, therefore, reverse the circuit court's judgment and remand the case to it with instructions to set aside its judgment of contempt.

LOWENSTEIN, P.J., and HANNA, J., concur.

---

3. The record does not indicate whether the North Kansas City School District offered summer classes.