John M. SPEIGHT, Appellant,

v.

Osa SPEIGHT, Respondent.

No. WD 52137.

Missouri Court of Appeals,
Western District.

Oct. 15, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 26, 1996.

Edward L. Fitzgerald, Kansas City, for Appellant.

Osa Speight, Kansas City, Pro Se.

Before ULRICH, C.J., P.J., SPINDEN and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

This is an appeal from an "order" of the Circuit Court of Jackson County finding that appellant John Speight's motion to modify a decree of dissolution of marriage was "premature". Appellant's motion sought to emancipate his two children and terminate his child support for them. In his motion, he asserts that his son, John, is eighteen years old and not attending a secondary school program, and should be emancipated and child support for him be terminated. Appellant asserts that his daughter, Mary, is also emancipated, and that child support for her should likewise be terminated. In the alternative, appellant requested that the court grant him joint custody with each parent to pay an equal amount of child support, or if not, order his child support payments to be made directly to Mary.

Appellant asserts two points on appeal: 1) the trial court erred in overruling his motion to emancipate and terminate child support for John because John had reached the age of eighteen, was not enrolled in a secondary school program and does not suffer from a mental incapacity that would prevent him from supporting himself; and 2) the trial court erred in failing to order respondent, the custodial parent, to pay her proportionate share of Mary's child support in the form of a child support payment.

We reverse and remand in part and affirm in part.

## FACTS

Appellant and respondent were divorced pursuant to a decree of dissolution of marriage on December 10, 1985. The parties subsequently modified the decree three times before appellant filed the motion to modify he is appealing.

At the time of his appeal, respondent had custody of the parties' two children: John, born May 29, 1977, and Mary, born January 1, 1976. Pursuant to the decree as modified, appellant was to make child support payments that totaled $900.00 per month. John, who was eighteen years old at the time of the appeal, was not enrolled in or attending a secondary school. He stopped regularly attending high school at age sixteen and never graduated. John is unemployed and financially dependent on his parents. According to respondent, John was "... supposed to go for studies and then go to take the test for the GED [General Equivalency Diploma]...." At the time the appellant filed his motion, John had not yet done so. It is respondent's belief that while John is not taking any medication, there is something "emotionally wrong" with John. Respondent feels that John is "very smart," but she describes him as being "full of anger." John has had counseling sessions to address his depression for two years, but has only attended about a dozen. Appellant stopped making child support payments for John in May, 1995.

Mary, nineteen at the time of appeal, lived apart from both parents while attending Longview Community College. She works part time and receives support from respondent in the form of household furnishings, groceries, insurance and car payments. Appellant was still making Mary's child support payments when he filed his motion for modification.

Appellant filed his motion to modify on June 28, 1995, and the trial court heard testimony on September 11, 1995. On December 7, 1995, the court issued an "order"

ruling that appellant's motion was "premature" and denied the relief requested. Appellant now appeals from this order.

## STANDARD OF REVIEW

■ Our standard of review for an order modifying a dissolution decree is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), and we must uphold the trial court's judgment unless it is not supported by substantial evidence, or it is against the weight of the evidence, or it erroneously declares or applies the law. *Beeler v. Beeler*, 820 S.W.2d 657, 661 (Mo.App.1991).

## DISCUSSION

■ As a preliminary matter, we note that respondent is appearing *pro se* in this appeal. Nonetheless, she is held to the same standard as a licensed attorney. *Brown v. City of St. Louis*, 842 S.W.2d 163, 165 (Mo. App.1992). Rule 84.04 lists the required contents for respondents' briefs, which must include: 1) jurisdictional statement; 2) points relied on; and 3) argument. *Rule 84.04(f)*. Because respondent's brief is lacking these most basic elements, we must accordingly strike her brief. We would note, however, that respondent's brief, even if not stricken, adds nothing to the discussion of the issues on appeal.

We first address the "order" of the trial court which did not specifically "overrule" appellant's motion to modify, but instead found it to be "premature" and denied the relief requested in the motion. Logically, we would infer from the order that the court, having found that the parties' children were not yet emancipated, was overruling appellant's motion as being premature. However, there is confusion in that although the trial court apparently overruled the motion, it

nonetheless, entered orders regarding child support and a wage assignment thereon.

From the record, we determine that the child support orders are not a modification, but merely a regurgitation of the support orders already in existence, while the wage assignment is a modification. Thus, the need to reiterate the existing child support orders is unclear. In addition, the order is confusing because § 452.370.1 [1] provides that "the provisions of any decree respecting ... [child] support may be modified **only** upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." (emphasis added). Section 452.350 deals with wage assignments and provides that after January 1, 1994, any support order entered or modified "shall" include a wage assignment, unless the court at the request on one of the parties finds good cause not to order one or there is an agreement of the parties to the contrary.[2] Here, since the trial court overruled appellant's motion to modify, it is unclear on what basis the decree in effect at the time could be modified by adding a wage assignment. Although we are confused by the court's order as to the wage assignment, because the appellant does not raise this issue on appeal, we will not address this issue. We will for purposes of this appeal treat appellant's motion to modify as overruled in all respects and address the specific points raised by him.

## I.

Appellant contends the trial court erroneously applied the law by determining that his child support for his son John should not be terminated. Appellant's argument is based on the fact that John is more than eighteen years of age and has not attended a secondary school for two years. Respondent asserts that John is not emancipated, as he is planning on taking classes in the future to

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

2. It should be noted that the order regarding the wage assignment does not comply with § 452.350.1, which provides in pertinent part that:

[t]he order **shall** also contain provisions **notifying** the obligor that:

(1) The withholding shall be for the current month's maintenance and support; and
(2) The withholding shall include an additional amount equal to fifty percent of one month's child support and maintenance to defray delinquent child support and maintenance, which additional withholding shall continue until the delinquency is paid in full

(emphasis added). The order fails to "notify" the appellant of this information.

prepare to take his GED and is also mentally incapacitated from supporting himself.

■ Section 452.370 provides that an order of child support may be modified "upon a showing of changed circumstances so substantial and continuing as to make the terms [of the support order] unreasonable." Emancipation upon attaining age eighteen, in accordance with § 452.340, is a change of circumstances warranting a modification terminating child support. There are two statutory exceptions for extending child support payments past age eighteen. Subsections 4 and 5 of § 452.340 RSMo Supp.1995 provide:

4. If the child is physically or mentally incapacitated from supporting himself and insolvent and unmarried, the court may extend the parental support obligation past the child's eighteenth birthday.

5. If when a child reaches age eighteen, he is enrolled in and attending a secondary school program of instruction, the parental support obligation shall continue until the child completes such program or reaches age twenty-one, whichever first occurs. If the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school and so long as the child continues to attend such institution of vocational or higher education, the parental support obligation shall continue until the child completes his education, or until the child reaches the age of twenty-two, whichever first occurs. If the circumstances of the child manifestly dictate, the court may waive the October first deadline for enrollment required by this subsection. If the child is enrolled in such an institution, the child or obligated parent may petition the court to amend the order to direct the obligated parent to make the payments directly to the child. As used in this section, an **"institution of vocational education"** means any postsecondary training or schooling for which the student is assessed a fee and attends classes regularly. **"Higher education"** means any junior college, college, or university at which the child attends classes regularly.

§ 452.340.3, .4 and .5 (emphasis added). Thus, a parent may be obligated to make child support payments beyond a child's eighteenth birthday under subsection 4 (mental incapacitation) or 5 (continued education). Appellant contends that the trial court erred in finding that both of these exceptions applied in "overruling" his motion to modify. We agree.

### A. Mental Incapacitation

■ Before the exception found in § 452.340.4 will apply, the court must find that the child is: 1) physically or mentally incapacitated from supporting himself; 2) insolvent; and 3) unmarried. The evidence needed to show these elements is substantial. *State ex rel. Albert v. Sauer,* 869 S.W.2d 853, 855 (Mo.App.1994). As to "mental incapacity," courts have been fairly strict in defining its parameters. "A parent's duty to continue supporting a physically or mentally incapacitated child arises from the child's helpless condition ... [t]he child's mental incapacity must impair child's ability to support himself." *Id.* Evidence introduced to establish incapacity and need might include medical testimony, letters of guardianship, living expenses and ability to meet obligations. *Id.*

We do not find sufficient evidence of a mental incapacity that would render John incapable of supporting himself. Respondent presented no medical testimony concerning John's alleged mental incapacitation. She did not present any testimony from the counselors who she claims had seen John. The only evidence of mental incapacity is respondent's lay testimony that there is something "emotionally wrong" with John, and he is "full of anger". She concedes that John had seen his counselor only twelve times in the two previous years, and that his sessions were only recently supposed to be once weekly. Respondent also admitted at trial that John has been tested to be a "very smart" child. Even giving such evidence its most favorable treatment, such evidence is insufficient to demonstrate a mental incapacity requiring continued child support under § 452.340.4.

## B. Continued Education

■ Appellant also asserts that the trial court erred in determining that John qualified for an extension of child support under the continued education exception, § 452.340.5. Appellant argues that since John, now eighteen, has not attended school for two years and is not now attending a secondary school, child support should be terminated. Respondent testified at trial that John "... has been contacted by some gentlemen in Raytown, and he's supposed to go for studies and then take the test for the GED." The trial court determined that since John is taking steps to enroll in a GED program, he remains an unemancipated minor.

Section 452.340.5 clearly does not apply to John's circumstances. "To qualify for continued support under subsection 5, the child must be both enrolled in and attending a secondary school program of instruction upon reaching age eighteen." *Sauer,* 869 S.W.2d at 855; *Beeler,* 820 S.W.2d at 661. Both appellant and respondent testified that John stopped attending high school at age sixteen and was not enrolled in a secondary school or a GED program when he reached age eighteen. Respondent could only testify to John's plans to complete his GED in the future. The fact that he intends to enroll in a GED program at sometime in the future is not relevant since his eighteenth birthday has passed. In addition, the October 1 grace period found in § 452.340.5 has no application here. It is only in the event that John had graduated from a secondary education program or its equivalent that he would have qualified for the grace period extending until October 1 to enroll in an institution of vocational or higher learning. § 452.340.5; *In re Marriage of Copeland,* 850 S.W.2d 422, 426 (Mo.App.1993).

Having found that the record does not support an extension of child support for John past age eighteen under § 452.340.4 or .5, we reverse and remand the judgment of the trial court overruling appellant's motion to emancipate and terminate his child support obligation for John with directions that the trial court enter its judgment modifying its decree, emancipating and terminating child support for John as of his eighteenth birthday.

## II.

In Point II, appellant claims that the trial court erred in not requiring respondent, the custodial parent, to contribute her proportionate share of child support for Mary in the form of a child support payment. We disagree.

In appellant's motion, he requested in the alternative the following relief as to Mary: 1) that she be emancipated and child support for her be terminated; 2) that the court grant joint custody with each parent to pay child support equally; or 3) that the court order him to make his child support payments directly to Mary. Appellant did not plead in his motion the relief he now contends the trial court erred in failing to grant. As appellant failed to assert this argument at trial, he cannot do so before this court for the first time. *Gibson v. White,* 904 S.W.2d 22, 25 (Mo.App.1995).

Point denied.

## CONCLUSION

We reverse and remand the judgment of the trial court overruling appellant's motion to emancipate and terminate his child support obligation for the child John with directions to enter its judgment modifying its decree emancipating John and terminating child support for him as of his eighteenth birthday. We affirm the judgment of the trial court overruling appellant's motion to modify child support payments for the child Mary.

All concur.