Leanna Marie HOFFMAN–
FRANCIS, Appellant,

v.

Allen Leroy FRANCIS, Respondent.

No. WD 69489.

Missouri Court of Appeals,
Western District.

March 31, 2009.

Thomas R. Summers, St. Joseph, MO, for appellant.

Craig D. Ritchie, St. Joseph, MO, for respondent.

Before DIV II: LISA WHITE HARDWICK, Presiding Judge, VICTOR C. HOWARD, Judge and ZEL FISCHER, Special Judge.[1]

LISA WHITE HARDWICK, Judge.

Leanna Marie Hoffman–Francis (Mother) appeals from a judgment modifying her child support obligation. She contends the circuit court erred by emancipating her son with Allen Leroy Francis (Father) and by ordering the modification of her child support obligation retroactive only to the date she filed her amended motion to modify, rather than to the date her original motion to modify was personally served on

1. The Honorable Zel M. Fischer, of the Supreme Court of Missouri, sitting by special assignment.

Father. For reasons explained herein, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

The parties' marriage was dissolved on January 12, 2004. The judgment awarded the parties joint legal custody and Father "primary" physical custody [2] of their three children: Olga, born July 24, 1988; Paul, born September 6, 1988; and Aza, born June 25, 1991.[3] The judgment awarded Mother visitation and ordered her to pay $392 per month in child support plus the entire amount of the children's private school tuition. On January 3, 2006, the court entered a modification judgment increasing Mother's child support obligation to $1300 per month and ordering Mother to pay all of the children's unreimbursed dental expenses.

Mother filed a motion to modify her child support obligation on December 18, 2006. In her motion, she alleged she had been diagnosed with thyroid cancer. She contended her condition and treatment would cause a substantial decrease in her income.

On June 6, 2007, Mother filed an amended motion to modify. In her amended motion, she alleged there had been substantial and continuing changed circumstances necessitating that the court transfer physical custody of Paul to her. Specifically, she alleged that Paul had graduated from high school in May 2007, was residing with her in Idaho, and would not attend college, but might enroll in vocational school. She alleged that Olga had graduated from high school and was planning to attend college, but had moved out of Father's home. Mother asked the court to grant her physical custody of Paul, to modify her support obligation for Paul in light of his living with her, and to permit her to pay child support directly to Olga.[4]

Following a hearing, the court entered its modification judgment. In its judgment, the court determined that both Paul and Olga were emancipated under Section 452.340.3, RSMo Cum.Supp.2007,[5] and terminated Mother's child support obligation for both of them retroactive to June 6, 2007. The court ordered Mother to pay child support for Aza in the amount of $822 per month, retroactive to June 6, 2007. Mother appeals.

## STANDARD OF REVIEW

We will not disturb a judgment modifying a child support obligation unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Haden v. Riou*, 37 S.W.3d 854, 860 (Mo. App.2001). We defer to the circuit court's credibility determinations and view the evidence in the light most favorable to the court's decision. *Id.*

---

2. The Supreme Court has deemed references to "primary" physical custody inappropriate "because Missouri's statutory scheme does not allow for an order granting 'primary physical custody.'" *Speer v. Colon*, 155 S.W.3d 60, 62 (Mo. banc 2005). "Section 452.375 permits either sole or joint custody; a parent may no longer be granted 'primary' legal or physical custody." *In re Marriage of Hendrix*, 183 S.W.3d 582, 585 n. 2 (Mo. banc 2006).

3. Paul is the parties' biological child. They adopted Olga and Aza.

4. Mother made allegations and requests regarding custody and support of the parties' other child, Aza, in her amended motion. Because none of the issues in this appeal concern the court's rulings regarding the custody and support of Aza, they will not be discussed.

5. All statutory references are to the Revised Statutes of Missouri, Cumulative Supplement 2007, unless otherwise noted.

## EMANCIPATION

In Point I, Mother contends the circuit court erred in declaring Paul to be emancipated. Sections 452.340.3(5) and 452.340.4 provide that a child is emancipated when he turns 18 unless the child is "physically or mentally incapacitated from supporting himself and insolvent and unmarried," in which case the court can extend the parental support obligation past the child's 18th birthday. Paul is not married, and Mother claims that he is also insolvent and mentally incapacitated.

■■ Substantial evidence is needed to establish insolvency and mental incapacity. *Hicks v. Quednow*, 197 S.W.3d 217, 220 (Mo.App.2006). "Showing a child's insolvency under [Section] 452.340.4 requires some evidence of the child's earnings, living expenses, and ability to meet obligations." *State ex rel. Albert v. Sauer*, 869 S.W.2d 853, 855 (Mo.App.1994). To support her contention that Paul is insolvent, Mother testified that Paul is living with her, working 15 hours a week in a restaurant, and taking a freelance writing course through a vocational school. She offered no evidence of his income, living expenses, or ability to meet obligations. Mother failed to present substantial evidence to establish insolvency.

■■ Mother's evidence was similarly deficient on the issue of mental incapacity. "Establishing a child's mental incapacity under [Section] 452.340.4 can be accomplished by various means, including expert medical testimony or letters of guardianship for incapacitated person issued by the probate court." *Id.* Mother did not offer any testimony from medical professionals or counselors, and she did not offer letters of guardianship. The only evidence of Paul's alleged incapacity was Mother's testimony that she does not believe Paul is capable of living on his own because he would forget to do things, like pay bills.

She testified that he has to be reminded to change clothes, has to be given directions one at a time and in writing, and does not have good social skills.

■■ In determining whether mental incapacity exists, however, "courts have been fairly strict in defining its parameters." *Speight v. Speight*, 933 S.W.2d 879, 882 (Mo.App.1996). The child's disability "must actually render the child *unable* to earn a living in any type of job." *Mason v. Mason*, 873 S.W.2d 631, 637 (Mo.App. 1994). "Evidence of learning difficulties, lack of training for work, or a disinclination to work fails to support a finding that a child is mentally incapacitated. . . ." *Albert*, 869 S.W.2d at 855.

Although Father conceded that Paul has "some difficulty" functioning in society, Father testified that Paul does "very well" when he is motivated and interested. Paul graduated from a private high school that both parties considered to be more challenging than public schools. At the time of trial, Paul was enrolled in a vocational writing course and was working part-time. Paul has performed farm labor in the past, and Father testified that Paul has the mental capacity to perform routine tasks in farm labor or fast food. Even Mother testified that, with "developmental training and anger management," Paul could be "out on his own within two years." Mother failed to present substantial evidence to establish mental incapacity.

Because the evidence was insufficient to find that Paul was insolvent and mentally incapacitated, the circuit court did not err in declaring him to be emancipated. Point I is denied.

## RETROACTIVITY

In Point II, Mother contends the circuit court erred in ordering the modification of her child support obligation retroactive to

only June 6, 2007, the date she filed her amended motion to modify, instead of December 28, 2006, the date Father was served with her original motion to modify.

Section 452.370.6 provides that a child support order may be modified only as to obligations that accrue subsequent to the date the motion is personally served. The circuit court has discretion to determine the effective date of a modified child support order, and we will not disturb the circuit court's determination unless we find a clear abuse of discretion. *Anderson v. Anderson,* 861 S.W.2d 796, 802 (Mo.App. 1993). "An abuse of discretion occurs when a trial court's ruling is clearly against the logic of the circumstances then before it and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Porath v. McVey,* 884 S.W.2d 692, 697 (Mo.App.1994).

Mother argues that the circuit court abused its discretion by not choosing an earlier effective date because her cancer and resulting treatment have caused her to suffer severe financial difficulties. She notes that she has had to cash in most of her individual retirement accounts and has had to borrow $100,000 to keep her financial obligations current.

In determining the retroactivity of a child support award, however, the circuit court is to consider *all* factors relevant to the issue and balance the equities based upon the facts and circumstances of the case. *Wexelman v. Donnelly,* 782 S.W.2d 72, 76 (Mo.App.1989). In this case, the court found that Mother, despite her "persistent medical problems," was capable of earning $8500 per month. Indeed, the evidence showed that Mother's income in 2006 was approximately $120,000, even though she admittedly missed "a substantial amount" of work that year due to her medical problems. Her income in 2007 was approximately $93,000, despite her working only part time from January to March of that year. The court also found that Mother had failed to comply with its prior orders to pay the children's dental and educational expenses. The evidence showed that, during 2006 and 2007, Mother failed to pay $2740 of the children's private school tuition and $402 of the children's dental expenses. Father had to pay both of these expenses.

The judgment indicates that the court considered all of the facts and circumstances in this case and balanced the equities in determining the effective date of the modification. We cannot say that the court's decision to make the modification retroactive to only June 6, 2007, instead of December 28, 2006, was so arbitrary or unreasonable as to shock the sense of justice or indicate a lack of careful consideration. Mother has failed to demonstrate a clear abuse of discretion. Point II is denied.

## CONCLUSION

We affirm the modification judgment.

All Concur.