2005 OK 6

**Meryl E. WILLIAMSON, Plaintiff/Appellee,**

v.

**Robert A. WILLIAMSON, Defendant/Appellant.**

No. 98,234.

Supreme Court of Oklahoma.

Feb. 8, 2005.

---

**32.** *See In re Death of Gray,* 2004 OK 63, ¶ 23, 100 P.3d 691, 697.

Robert Groshon, Oklahoma City, OK, attorney for Appellee Meryl E. Williamson[1].

Paul Streck, Edmond, OK, attorney for Robert A. Williamson, Appellant.

WINCHESTER, V.C.J.

¶ 1 The dispositive issue presented for our review is whether the trial court erred when it denied the motion of Appellant, Robert A. Williamson, (hereinafter "father"), to modify the parties' child custody and support agreement. Father and Appellee, Meryl E. Williamson, (hereinafter "mother"), previously reached an agreement as to child support calculations and property settlement that did not contemplate shared parenting. Father sought to add a provision for shared parenting pursuant to 43 O.S.2001, § 118(10)[2], against mother's objection[3]. The trial court, Hon. Barbara Swinton, denied father's request for shared parenting. We hold that the record on appeal fails to support father's allegations of error. The opinion of the Court of Civil Appeals is vacated and the order of the trial court is affirmed. The record before the Court establishes the following relevant facts.

---

**1.** We note that Appellee has filed no documents in response to Appellant's Petition for Writ of Certiorari with this Court. The record reflects that Mr. Groshon is Appellee's last attorney of record, having filed Appellee's appellate brief before the Court of Civil Appeals, Division II, the decision of which is appealed herein.

**2.** § 118. Child support guidelines
"A. Except in those cases where parties represented by counsel have agreed to a different disposition, there shall be a rebuttable presumption in any judicial or administrative proceeding for the award of child support, that the amount of the award which would result from the application of the following guidelines is the correct amount of child support to be awarded.
* * *
"9. After the total combined child support is determined, the percentage share of each parent shall be allocated by computing the percentage contribution of each parent to the combined adjusted gross income and allocating that same percentage to the child support obligation to determine the base child support obligation of each parent;
"10. a. **In cases where shared parenting time has been ordered by a district court or agreed to by the parents,** (emphasis added) the base monthly obligation shall be adjusted. 'Shared parenting time' means that each parent has physical custody of the child or children overnight for more than one hundred twenty (120) nights each year...."

**3.** "Joint custody" and "shared parenting" are two different terms. "Joint custody" refers to the custodial arrangement between the parents, whereas "shared parenting" refers to a mathematical calculation of child support.

## FACTS AND PROCEDURAL HISTORY

¶ 2 The trial court entered the Decree of Divorce in this matter on September 13, 2000. The record reveals the parties, through their counsel, informed the trial court that they agreed child support would be computed using figures in the temporary order, pursuant to child support guidelines. The record contains evidence that no provision for shared parenting was made in calculating child support. On November 17, 2000, father filed a Motion to Settle and on November 30, 2000, mother filed her response and a Cross–Motion to Settle. The trial court heard these motions December 8, 2000. Under the Decree of Divorce, the parties were awarded joint custody of their two minor children pursuant to an agreed upon Joint Custody Plan. The trial court ordered father to pay child support according to the Child Support Guidelines, by way of income assignment. He also was ordered to pay day care expenses for the minor children, when such expenses arose. The record reflects that no shared parenting was agreed upon by the parties or ordered by the trial court.

¶ 3 On March 1, 2001, father filed a Motion to Reconsider or Alternatively Motion to Modify Decree of Divorce seeking, in relevant part, an offset for shared parenting. The record contains no evidence of any change in, or deviation from, the number of days and nights the children spent with each parent under the visitation schedule set forth by the trial court in the Decree of Divorce on September 13, 2000. The required showing of a change in conditions, necessary to prevail in a modification proceeding, was not met. *Gibbons v. Gibbons*, 1968 OK 77, 442 P.2d 482. In *Gibbons*, we required that a parent seeking to change a custody agreement show:

"(a) that, since the making of the order sought to be modified, there has been a permanent, substantial and material change of conditions which directly affect the best interests of the minor child, and (b) that, as a result of such change in conditions, the minor child would be substantially better off, with respect to its temporal and its mental and moral welfare,

if the requested change in custody be ordered."

1968 OK 77, ¶ 12, 442 P.2d 482 at 485.

¶ 4 Father next filed a Motion to Settle Decree of Divorce which was heard on March 2, 2001. At the hearing on this motion, the parties agreed father owed an arrearage of child support. On April 9, 2001, the Decree of Divorce, including the parties' Joint Custody Plan and Child Support and Child Care Computation were signed and filed of record. Nearly eight months later, father filed another Motion to Settle. The Journal Entry was signed and filed of record on August 16, 2002.

## STANDARD OF REVIEW

¶ 5 The instant matter concerns the trial court's determination as to a request to modify a child support and custody agreement. Accordingly, unless we determine that the trial court's decision is clearly against the weight of the evidence so as to constitute an abuse of discretion, it will not be disturbed. *Boatsman v. Boatsman*, 1984 OK 74, 697 P.2d 516.

¶ 6 The record contains no evidence that the parties agreed to shared parenting, that the trial court ordered shared parenting or that father argued he was entitled to shared parenting at the hearing on September 13, 2000. While the record contains a copy only of pages 5, 6 and 7 of that hearing transcript, it is father's burden to produce a record on appeal to support his allegations of error. Father's allegations of error are not supported by the record on appeal. At the September 13, 2000, hearing, both parties, while represented by counsel, stipulated that the child support computations in the temporary order would be used for setting child support in the final decree. A review of the Joint Custody Plan, signed by the trial judge, both parties and their attorneys, on April 9, 2001, reveals detailed child support and child care computations, including handwritten changes that were initialed, indicating negotiations as to the final product. This Joint Custody Plan does not provide for shared parenting. Similarly, a review of the Summer and Holiday Visitation schedule

also signed by the trial judge, both parties and their attorneys, reflects handwritten and initialed changes thereto, none of which concerns shared parenting. The obvious negotiations that occurred while reaching agreement regarding these final documents would have been the proper and appropriate avenue for the parties to agree as to shared parenting, or for the trial judge to order it. Neither event occurred. While father now argues shared parenting is mandatory by statute, such an interpretation ignores § 118(A), (see fn. 2), that provides parties represented by counsel may agree to a disposition different from the guidelines, and that said guidelines merely provide a rebuttable presumption as to child support calculations. Section 118(B) provides in relevant part that the court

"may deviate from the amount of child support indicated by the child support guidelines if the amount of support so indicated is unjust, inequitable, unreasonable, or inappropriate under the circumstances, or not in the best interests of the child."

Indeed, § 118(E)(10)(a) sets out only two scenarios under which shared parenting is triggered, to-wit: 1) when ordered by a district court, or 2) when agreed to by the parents. Neither of these scenarios occurred in the case at bar.

¶ 7 The record contains evidence that mother relied on the fact there would be no shared parenting, in agreeing to the other financial aspects of the Decree of Divorce, Joint Custody Plan and Child Support and Child Care Computation. There is no evidence of a change in, or deviation from, the number of days and nights the children spent with each parent under the visitation schedule set forth by the trial court in the Decree of Divorce on September 13, 2000, that would support father's request to modify and incorporate shared parenting. Father actually fell behind on his child support payments, occasioning a hearing on March 2, 2001, regarding his arrearage. A period of eight months passed after the trial court entered the April 9, 2001, Decree of Divorce, Joint Custody Plan, including child support and child custody computations, (signed by both parties and their attorneys,) and father's December 3, 2001, Motion to Settle Journal Entry. We find that this time span is not long enough to constitute a basis for a substantial and material change of conditions which directly affects the best interests of the minor children. Indeed, the record reveals no circumstances had changed. Father's filings constitute nothing more than post-trial attempts to impose shared parenting on an unwilling mother. The statutory requirements for shared parenting are not met. There is no agreement between the parties for shared parenting, and no trial court order for shared parenting. In addition, we note that the Court of Civil Appeals determined father has custody of the children approximately one hundred twenty-five nights a year, barely meeting the statute's one hundred twenty-night threshold requirement for initial consideration of a shared parenting offset in computing child support obligations. The record provides no basis for us to circumvent the statute and the trial court's orders, by unilaterally ordering shared parenting in the case at bar. The statute clearly contemplates shared parenting only by court order or agreement of the parties. In the instant matter, there was no agreement between the parties. The trial judge handled the case, was familiar with the parties and their counsel, and did not order shared parenting. We cannot say this ruling was against the clear weight of the evidence so as to constitute an abuse of discretion.

¶ 8 Accordingly, we affirm the decision of the trial court denying father's motion to reconsider. We determine that all of father's arguments in the instant case lack merit.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; ORDER OF THE TRIAL COURT AFFIRMED.**

CONCUR: WATT, C.J., WINCHESTER, V.C.J., LAVENDER, HARGRAVE, OPALA, TAYLOR, JJ.

CONCUR IN RESULT: KAUGER, EDMONDSON, JJ.

DISQUALIFIED: COLBERT, J.