2011 OK CIV APP 89

**Shelly Jo GREGORY, now Campbell, Petitioner/Appellant,**

v.

**Ricky Lynn GREGORY, Respondent/Appellee,**

and

**State of Oklahoma, Department of Human Services, Child Support Enforcement, A Necessary Party/Interested Party.**

No. 108,644.

Court of Civil Appeals of Oklahoma, Division No. 1.

June 3, 2011.

John M. Stuart, Stuart & Hammond, P.C., Duncan, Oklahoma, for Plaintiff/Appellant.

David O. Blankenship, Ardmore, Oklahoma, for Defendant/Appellee.

ROBERT D. BELL, Chief Judge.

¶ 1 In this post-divorce proceeding, Petitioner/Appellant, Shelley Jo Gregory, now Campbell (Mother), appeals the trial court's

---

order terminating the child support obligation of Respondent/Appellee, Ricky Lynn Gregory (Father), for the parties' disabled adult child. The trial court also denied Mother's counterclaim for child support pursuant to 43 O.S.2001 § 112.1A. We reverse and remand for further proceedings.

¶2 Mother and Father were divorced in 1995. The parties have two children, M.G. and R.G. It is undisputed that R.G., born June 29, 1990, has severe, life-long physical and mental disabilities. In 1995, Father was ordered to pay child support for R.G. On March 26, 2008, Father filed a motion to modify and terminate his child support obligation for R.G. upon her 18th birthday. Father alleged his child support obligation should be terminated because R.G. was entitled to governmental assistance. Mother objected to Father's motion arguing R.G. was still in high school and, thus, she was entitled to Father's support until her 20th birthday. On September 29, 2008, the court found R.G. was entitled to support by her parents under § 112(E) until she graduated from high school or she reached 20 years of age, whichever occurred first. This order was not appealed.

¶3 On May 18, 2010, Father filed a motion to terminate his child support obligation upon R.G.'s 20th birthday. Mother filed a counterclaim to continue Father's child support obligation under § 112.1A due to R.G.'s existing disability. Father sought dismissal of Mother's counterclaim on the basis that the court previously decided his support obligation for R.G. would terminate when she reached the age of 20. After considering the parties' motions and the attorneys' arguments, the trial court terminated Father's obligation to pay child support for R.G. upon her 20th birthday and denied Mother's counterclaim. Mother appeals from that order.

¶4 We will not reverse the trial court's decision in a child support modification proceeding unless there has been a showing of an abuse of discretion or that the trial court's decision is against the clear weight of the evidence. *Williamson v. Williamson,* 2005 OK 6, ¶5, 107 P.3d 589, 591.

¶5 Mother argues the trial court abused its discretion and entered an order contrary to law when it terminated Father's child support obligation for his disabled adult child pursuant to § 112(E), without allowing the presentation of testimony and evidence in support of the continuation of child support under § 112.1A. Father counters since Mother relied upon § 112(E) during the 2008 modification proceeding to impose his child support obligation until R.G. reached 20 years of age, and since there has been no change in circumstances, the trial court properly concluded Mother is prevented, by issue preclusion, from re-litigating and extending his child support obligation under § 112.1A.

¶6 The explicit statutory language at § 112(E) negates Father's argument. This section provides:

E. Except as otherwise provided by Section 112.1A of this title, any child shall be entitled to support by the parents until the child reaches eighteen (18) years of age. If a child is regularly enrolled in and attending high school, as set forth in Section 11–103.6 of Title 70 of the Oklahoma Statutes, other means of high school education, or an alternative high school education program as a full-time student, the child shall be entitled to support by the parents until the child graduates from high school or until the age of twenty (20) years, whichever occurs first. Full-time attendance shall include regularly scheduled breaks from the school year. No hearing or further order is required to extend support pursuant to this subsection after the child reaches the age of eighteen (18) years.

Section 112(E) clearly provides the child support termination language (*i.e.* "until the child graduates from high school or until the age of twenty (20) years, whichever occurs first") is excepted by the provisions of § 112.1A.

¶7 Section 112.1A is a special statute concerning a parent's obligation to support his or her mentally or physically disabled child for an indefinite period, even if that child has reached the age of majority. Section 112.1A(B) provides that with respect to such disabled child:

**916**

B. 1. The court may order either or both parents to provide for the support of a child for an indefinite period and may determine the rights and duties of the parents if the court finds that:

a. the child, whether institutionalized or not, requires substantial care and personal supervision because of a mental or physical disability and will not be capable of self-support, and

b. the disability exists, or the cause of the disability is known to exist, on or before the eighteenth birthday of the child.

2. A court that orders support under this section shall designate a parent of the child or another person having physical custody or guardianship of the child under a court order to receive the support for the child. The court may designate a child who is eighteen (18) years of age or older to receive the support directly.

¶ 8 According to § 112.1A(D)(1) and (3), a suit under this section may be filed regardless of the age of the child, as an independent cause of action or joined with any other claim or remedy provided by this title, and as a suit for modification in a court of continuing jurisdiction. Based on the foregoing, we hold it is irrelevant that Mother initially relied upon § 112(E) during the 2008 modification proceeding, but now relies on § 112.1A for the continuation of Father's child support obligation. Section 112.1A provides Mother with the right to pursue a counterclaim for continuing child support for their adult disabled child at any time.

¶ 9 After reviewing the applicable law, we hold the trial court abused its discretion when it terminated Father's child support obligation and denied Mother's counterclaim without first providing her with the opportunity to present evidence in support of the continuation of Father's child support obligation under § 112.1A. We therefore reverse the trial court's order and remand this issue for further consideration.

¶ 10 It is undisputed R.G. is not capable of self support, but the parties disagree as to whether R.G. is eligible for sufficient governmental financial assistance to reduce or eliminate Father's support obligation. On remand the trial court is directed to hold an evidentiary hearing to consider the following factors in § 112.1A(E) in determining the amount of Father's child support obligation:

In determining the amount of support to be paid after a child's eighteenth birthday, the specific terms and conditions of that support, and the rights and duties of both parents with respect to the support of the child, the court shall determine and give special consideration to:

1. Any existing or future needs of the adult child directly related to the adult child's mental or physical disability and the substantial care and personal supervision directly required by or related to that disability;

2. Whether the parent pays for or will pay for the care or supervision of the adult child or provides or will provide substantial care or personal supervision of the adult child;

3. The financial resources available to both parents for the support, care, and supervision of the adult child; and

4. Any other financial resources or other resources or programs available for the support, care, and supervision of the adult child.

¶ 11 REVERSED AND REMANDED.

HETHERINGTON, P.J., and HANSEN, J., concur.