OSCN Found Document:PATRICK v. PATRICK

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 PATRICK v. PATRICK
2016 OK CIV APP 52
Case Number: 113731
Decided: 06/16/2016
Mandate Issued: 07/26/2016
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2016 OK CIV APP 52, __ P.3d __

 

IN RE THE MARRIAGE OF M. PATRICK AND A. PATRICK:

M. PATRICK, Petitioner/Appellee,
v.
A. PATRICK, Respondent/Appellant.

APPEAL FROM THE DISTRICT COURT OF CREEK COUNTY, OKLAHOMA

HONORABLE JOE SAM VASSAR, JUDGE

REVERSED

Robert G. Fry, Jr., James R. Elder, FRY & ELDER, Tulsa, Oklahoma, for Petitioner/Appellee,
Maren Minnaert Lively, Bradley J. Brown, JONES, GOTCHER & BOGAN, P.C., Tulsa, Oklahoma, for Respondent/Appellant.

ROBERT D. BELL, PRESIDING JUDGE:

¶1 In this post-dissolution of marriage proceeding, Respondent/Appellant, A. Patrick (Mother), appeals from the trial court's order finding S.A.P., the parties' adult child, is a mentally or physically disabled child incapable of self-support. The trial court's order required Mother to pay a portion of the expenses incurred by S.A.P. for his drug and alcohol rehabilitation treatment and care. We hold the trial court abused its discretion and held contrary to the evidence when it determined S.A.P. has a mental or physical disability and is incapable of self-support, and when it ordered Mother to pay for a portion of S.A.P.'s drug and alcohol rehabilitation treatment and care. The trial court's order is reversed.

¶2 Mother and Petitioner/Appellee, M. Patrick (Father), were divorced in 2008. The parties were awarded joint custody of the minor children, S.A.P., born May 2, 1994, and R.A.P., born August 20 1998. Father was ordered to pay child support and provide health insurance at his expense until each minor child reached the age of majority, or continuing through the age of twenty if the child regularly attended high school. The joint custody plan did not identify S.A.P. as having a mental or physical disability that rendered him incapable of self-support.

¶3 In October 2010, the parties entered an agreed order modifying child support, medical expenses and education expenses. Father was awarded primary physical custody of S.A.P., then 16 years old. Neither party was ordered to pay child support. Father was ordered to continue providing health insurance at his sole expense. The November 2010 order did not characterize S.A.P. as a child requiring parental support beyond the age of majority.

¶4 In May 2014, after S.A.P. graduated from high school and turned 20 years old, Father filed a motion to declare S.A.P. a "special needs child" under 43 O.S. 2011 §112.1.A. Father claimed S.A.P. suffered from a history of drug and alcohol abuse, that Mother's alcoholism and permissiveness caused S.A.P.'s drug and alcohol use, and that S.A.P. was entitled to additional child support as a "special needs" adult child. Mother objected to this motion.

¶5 At the hearing on the motion, Father testified that Mother has a history of substance abuse for alcohol and controlled drugs. Father claimed Mother was solely responsible for S.A.P.'s problems because Mother was an alcoholic, had been treated for alcohol abuse, and had been permissive of S.A.P.'s consumption of alcohol in her presence. The evidence at trial revealed S.A.P. was arrested in March 2014. S.A.P. was charged with the felonies of driving under the influence of a controlled substance (DUI) and possession of an illegal substance. In an effort to reduce the criminal sentence, S.A.P. voluntarily submitted himself to a substance abuse rehabilitation program in Tennessee for detoxification. S.A.P. remained at this facility for approximately thirty days, and continued his recovery in a 90-day inpatient/outpatient facility in California. Father sought post-minority child support from Mother to help defray the costs of S.A.P.'s treatment.

¶6 Father testified that S.A.P. was an adult and was living on his own in an apartment away from both parents' residences when he sought treatment for substance abuse. Father stated that he paid for S.A.P.'s apartment. Father submitted that S.A.P. could not support himself while he was in treatment. Father also testified that Mother's emails expressed a desire to help S.A.P.

¶7 The trial court entered an order finding S.A.P. was "a special needs child" under 43 O.S. §112.1A. The trial court's order stated that Mother "has at numerous times expressed a desire to participate in the recovery of her child and I think she should be allowed to do so." The court ordered Mother to pay one-half of the costs for the Tennessee facility and one-third of the expenses for the California treatment. Mother appeals from the trial court's adult child support order.

¶8 Matters relating to child support are based on equitable considerations and therefore such matters turn to the sound legal discretion of the trial court. Merritt v. Merritt, 2003 OK 68, ¶7, 73 P.3d 878. When this Court reviews the trial court's decision relating to child support, we will not reverse the judgment unless the trial court abused its discretion, or made a decision against the clear weight of the evidence. Id.

¶9 On appeal, Mother contends the trial court's order awarding post-minority child support was an abuse of discretion, clearly against the weight of the evidence and contrary to Oklahoma law because S.A.P. is not a disabled child under §112.1A. Mother submits the intent of §112.1A is to assure that mentally or physically retarded children will have the continued financial support from their parents beyond graduating high school or obtaining majority. Mother argues if the Legislature intended to require parents to provide support for adult children with substance abuse issues, then §112.1A would have provided that intent with clear language.

¶10 Father counters S.A.P. was "a child of special needs" under §112.1A due to his addiction. Father maintains the trial court properly found that as an inpatient, S.A.P. needed financial support from both parents. Father also asserts Mother offered to help S.A.P. in his recovery; therefore, she is estopped from objecting to the trial court's order.

¶11 Generally, a parent's obligation to support his or her child ends when the child reaches eighteen (18) years of age, or if that child is still enrolled in a high school education, until the child graduates or is twenty (20) years of age. 43 O.S. Supp. 2011 §112(E). Title 43 O.S. §112.1A is a special statute that authorizes a trial court, in its discretion, to obligate either or both parents to support his or her mentally or physically disabled child for an indefinite period, even if that child has reached the age of majority. Gregory v. Gregory, 2011 OK CIV APP 89, ¶7, 259 P.3d 914. To make such an award, §112.1A states the court must find:

a. the child, whether institutionalized or not, requires substantial care and personal supervision because of a mental or physical disability and will not be capable of self-support, and

b. the disability exists, or the cause of the disability is known to exist, on or before the eighteenth birthday of the child.

¶12 In the instant case, there is no evidence S.A.P. has a mental or physical disability. Therefore, in order to qualify for disabled adult child support under §112.1A, the evidence must demonstrate that S.A.P. suffered from a mental or physical disability. Section 112.1A defines a "disability" as one that causes the adult child to require "substantial care and personal supervision." There is no published Oklahoma case examining the breadth of the term "disability" under §112.1A. Furthermore, this Court was unable to find any sister state authority qualifying alcohol and drug addiction as a mental or physical disability under similar state statutes. But, assuming for purposes of this opinion that S.A.P.'s alcohol and drug addiction qualifies as a mental or physical disability, this Court must ascertain if Father's evidence met the remaining requirements of §112.1A.

¶13 Other courts define "disability" under their post-minority child support statutes in economic terms. These courts focus on whether the adult child is unable to adequately provide for his or her economic needs because of a mental or physical infirmity. See, e.g., Presley v. Presley, 65 Md.App. 265, 500 A.2d 322 (1985) (held an adult mildly retarded child, only earning $14,200.00 gross pay per year and unable to meet her reasonable living expenses, was disabled within the meaning of the Maryland statute and, therefore, was entitled to support from her non-custodial parent). See also Kotzbauer v. Kotzbauer, 2007 Pa. Super. 357, 937 A.2d 487 (held a nineteen (19) year old child diagnosed with epilepsy - who was reliant on her parents for medical insurance and most of her daily needs, and who was not capable of providing for herself - was entitled to post-minority support).

¶14 Some sister courts hold in order to require support for a disabled adult child, the trial court must find a causal relationship between the adult child's inability to support himself or herself and that child's mental or physical disability. See, e.g., State ex rel. Albert v. Sauer, 869 S.W.2d 853 (Mo.App.1994). Sauer reiterated "the child's mental incapacity must impair child's ability to support himself . . . Evidence of learning difficulties, lack of training for work, or a disinclination to work fails to support a finding that a child is mentally incapacitated from supporting himself." Id. at 855. Ulery v. Ulery, 86 Ohio App.3d 290, 620 N.E.2d 933 (1993), reversed a trial court order requiring support for an adult child who had a mild brain dysfunction and educational and behavioral problems because the trial court did not find a causal connection between the child's disability and the child's inability to support himself. Similarly, Edgington v. Edgington, 119 Nev. 577, 80 P.3d 1282 (Nev. 2003) held "a child is 'handicapped' under the statute if he or she is incapable of being self-supporting because of a qualifying physical or mental impairment." A California court noted the dearth of authority applying the incapacity standards and held "the incapacity standards require courts to focus not on the adult child's conditions and their potential impact on employment, but rather on his or her ability to find work or become self-supporting in light of such conditions." In re Marriage of Cecilia & David W., 241 Cal. App. 4th 1277, 1285, 194 Cal. Rptr. 3d 559, 565 (2015).

¶15 After considering these authorities and the clear language of §112.1A, this Court holds the trial court may only award disabled adult child support if the evidence shows a causal relationship between S.A.P.'s alleged mental or physical disability and his inability to support himself.

¶16 Here, the trial court ordered Mother to pay a share of S.A.P.'s substance abuse treatment because it presumably found S.A.P. lacked sufficient means while he was inpatient and Mother expressed willingness to help her son with his recovery. This was error. Under §112.1A, the trial court should have focused on whether the evidence demonstrated S.A.P. lacked the ability to find work or become self-supporting in light of his alleged mental or physical disability. After treatment, there is insufficient evidence to show an inability to find work.

¶17 While there was evidence in the record of the exorbitant cost of S.A.P.'s inpatient treatment, there was no evidence in the record showing S.A.P.'s daily living expenses, his lack of income or his inability to meet his monthly obligations. Instead, the evidence showed S.A.P. was living on his own in an apartment and he was independently handling other aspects of adult life, such as driving, attending parties, and hanging out with friends. Even though Father paid for S.A.P.'s apartment, and S.A.P. was necessarily unemployed while in treatment, there was no evidence that S.A.P. was unable to hold a job.

¶18 Furthermore, S.A.P. voluntarily submitted to a drug and alcohol treatment center in an effort to reduce his sentence for DUI and possession of an illegal drug. This shows S.A.P.'s confinement in the treatment center was only temporary and was not judicially or medically mandated because S.A.P. required "substantial care and personal supervision."

¶19 This Court is also unable to find any evidence showing that S.A.P. met the standard set forth at §112.1A(B)(1)(b). This subsection requires that the disability exists, or the cause of the disability is known to exist, on or before the child's eighteenth (18th) birthday. Although Father attempts to link S.A.P.'s substance abuse to Mother's usage of alcohol in S.A.P.'s presence and her alleged permissiveness, there was no evidence that S.A.P. required substantial care and supervision due to his substance abuse before he reached majority. Instead, the record shows Father filed his motion when S.A.P. was over twenty years old and had not been subject to child support, visitation or custody orders for over a year.

¶20 This Court is very sympathetic to Father's desire to financially assist S.A.P. with his drug and alcohol treatment and recovery. However, without the requisite evidence that S.A.P.'s disability, which was allegedly known prior to his 18th birthday, has rendered him incapable of self-support, this Court must find the trial court abused its discretion and held contrary to the evidence when it ordered Mother to pay post-minority child support pursuant to §112.1A. Accordingly, the trial court's order is reversed.

¶21 Mother also challenges the trial court's continuing jurisdiction and Father's standing to bring this motion. Because we hold the trial court abused is discretion in ordering Mother to pay post-minority child support under the facts of this case, it is unnecessary to address Mother's remaining assignments of error.

¶22 REVERSED.

JOPLIN, J., and HETHERINGTON, J., concur.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2011 OK CIV APP 89, 259 P.3d 914, GREGORY v. GREGORY
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2003 OK 68, 73 P.3d 878, MERRITT v. MERRITT
Discussed
Title 43. Marriage
 Cite
Name
Level

 43 O.S. 112.1A, Parental Support of Children with Disabilities
Discussed
 43 O.S. 112, Care, Custody, and Support of Minor Children
Cited