OSCN Found Document:BARNES v. BARNES

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 BARNES v. BARNES
2017 OK CIV APP 38
Case Number: 114972
Decided: 06/30/2017
Mandate Issued: 07/26/2017
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2017 OK CIV APP 38, __ P.3d __

 

IN RE THE MARRIAGE OF MISTY DAWN BARNES AND BENJAMIN SCOTT BARNES:

MISTY DAWN BARNES, NOW WYNN, Petitioner/Appellant,
v.
BENJAMIN SCOTT BARNES, Respondent/Appellee.

APPEAL FROM THE DISTRICT COURT OF
JOHNSON COUNTY, OKLAHOMA

HONORABLE CHARLES MIGLIORINO, JUDGE

AFFIRMED

Jeremy S. Elliot, JEREMY S. ELLIOT, Durant, Oklahoma, for Petitioner/Appellant,

ROBERT D. BELL, JUDGE:

¶1 In this post-dissolution of marriage proceeding, Petitioner/Appellant, Misty Dawn Barnes, now Wynn (Mother), appeals from an order of modification which granted Respondent/Appellee, Benjamin Scott Barnes (Father), the right to claim one minor child as a dependent for tax exemption purposes. Finding no abuse of discretion, we affirm the trial court's order.

¶2 Mother and Father entered an agreed divorce decree on June 30, 2014. Therein, Father and Mother were awarded joint custody over the two minor children. The decree did not specify which parent would have the right to claim the children for tax purposes. Mother declared both of the children as dependents in 2014. On February 17, 2015, Father filed a motion to modify the child support provision due to changes in employment and changes of both parties' residences. Father sought to reduce his child support obligation and to claim one child as a dependent on his income tax return. The parties agreed to modify Father's child support obligation and visitation but could not agree on the tax exemption. After trial, the judge awarded Father the 15-year-old child as a dependent and awarded Mother the 8-year-old child as a dependent. From this order of modification, Mother now appeals.

¶3 Father failed to file a response brief; therefore, this matter proceeds on Mother's brief only. Where an appellant's brief-in-chief is "reasonably supportive of the allegations of error," we will ordinarily reverse the appealed judgment. Sneed v. Sneed, 1978 OK 138, ¶10, 585 P.2d 1363. But, "Reversal is never automatic on appellee's failure to file answer brief." Hamid v. Sew Original, 1982 OK 46, ¶7, 645 P.2d 496.

¶4 Mother first argues her right to claim a child as a dependent for tax exemption purposes is a property right, and therefore the trial court lacks jurisdiction to modify the award. As support, Mother cites Clifton v. Clifton, 1990 OK 88, ¶1, 801 P.2d 693, which states, "[I]n the absence of fraud, a property settlement award . . . cannot be modified in a post-decretal hearing." However, Clifton did not address whether the right to claim a child as a dependent for tax purposes is a property settlement award.

¶5 Although we are unable to find statutory or Oklahoma Supreme Court authority specifically addressing this issue, sister states agree the right to claim a child as a dependent for tax purposes is related to an award of child support. See Foster v. Foster, 266 Neb. 32, 662 N.W.2d 191, 194 (2003) ("[A] tax dependency exemption is nearly identical in nature to an award of child support"); and Dumas v. Tucker, 82 Ark. App. 173, 119 S.W.3d 516, 518 (2003) ("[T]he right to claim the parties' children as dependents for tax purposes is accurately characterized as a matter of child support"). Also, Division 3 of this Court, although not explicitly addressing this issue, held the parents' rights to claim children as dependents are modifiable, thus implicitly holding such rights are akin to child support. See Wilson v. Wilson, 1991 OK CIV APP 79, ¶5, 831 P.2d 1. We therefore hold the right to claim a child as a dependent for tax purposes is a child support issue, and thus it is modifiable pursuant to 43 O.S. Supp. 2016 §118I(A)(1).

¶6 Mother next argues even if the right is modifiable, the trial court erred in granting the order for modification because it is not in the children's best interests. As support, Mother erroneously relies on Gibbons v. Gibbons, 1968 OK 77, 442 P.2d 482, which declares the interests of the child must be taken into account for custody modifications. The custody of the children is not at issue in this proceeding. Thus, Gibbons is inapplicable.

¶7 Mother next argues the trial court must follow 26 U.S.C. §152(e) of the Internal Revenue Code, which states a child shall be treated as being the dependent of the noncustodial parent for a calendar year if: (1) "the custodial parent signs a written declaration [waiving the right to claim the child]," (2) the "custodial parent [does] not claim such child as a dependent for [that taxable year]," and (3) "the noncustodial parent attaches such written declaration to the noncustodial parent's return for [that taxable year]." Mother claims she is entitled to the dependent exemption because she has not signed a written declaration waiving this right. This argument lacks merit. Mother and Father have joint custody over the children. Furthermore, "the trial court has the power to allocate the exemptions and the power to order the custodial parent to execute the exemption waiver . . . ." Wilson, 1991 OK CIV APP 79 at ¶7.

¶8 For modification of child support, 43 O.S. Supp. 2016 §118I(A)(1) states, "Child support orders may be modified upon a material change in circumstances which includes . . . an increase or decrease in the income of the parents. . . ." This Court will not reverse the trial court's decision in a child support modification proceeding unless there has been a showing of an abuse of discretion, or a showing that the trial court's decision is against the clear weight of the evidence. Williamson v. Williamson, 2005 OK 6, ¶5, 107 P.3d 589. It is undisputed in the record that since the divorce decree was issued, Father lost his job in the oil field. This is a clear material change in circumstances that warrants a modification of the dependent tax exemption. We therefore find the trial court acted within its discretion when it modified the parties' rights to claim the children as dependents. The judgment of the trial court is therefore affirmed.

¶9 AFFIRMED.

GOREE, P.J., and JOPLIN, J., concur.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1991 OK CIV APP 79, 831 P.2d 1, 63 OBJ 1386, Wilson v. Wilson
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1990 OK 88, 801 P.2d 693, 61 OBJ 2366, Clifton v. Clifton
Discussed
 1968 OK 77, 442 P.2d 482, GIBBONS v. GIBBONS
Discussed
 2005 OK 6, 107 P.3d 589, WILLIAMSON v. WILLIAMSON
Discussed
 1978 OK 138, 585 P.2d 1363, SNEED v. SNEED
Discussed
 1982 OK 46, 645 P.2d 496, Hamid v. Sew Original
Discussed
Title 43. Marriage
 Cite
Name
Level

 43 O.S. 118I, Modification of Child Support Orders - Material Change in Circumstances
Discussed