IN RE THE MARRIAGE OF TEAGUE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:IN RE THE MARRIAGE OF TEAGUE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 IN RE THE MARRIAGE OF TEAGUE
2020 OK CIV APP 1
Case Number: 117101
Decided: 12/06/2019
Mandate Issued: 01/08/2020
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2020 OK CIV APP 1, __ P.3d __

 
IN RE THE MARRIAGE OF TEAGUE:
SUSAN TEAGUE, Petitioner/Appellee,
v.
LESLEY TEAGUE, Respondent/Appellant.
APPEAL FROM THE DISTRICT COURT OF
ROGERS COUNTY, OKLAHOMA
HONORABLE DAVID SMITH, JUDGE
AFFIRMED IN PART, REVERSED IN PART
AND REMANDED WITH INSTRUCTIONS
Bradley A. Grundy, Angela L. Smoot, CONNER & WINTERS, LLP, Tulsa, Oklahoma, and
Juliana Reimer, Julie Henson, Owasso, Oklahoma, for Petitioner/Appellee,
W. Allen Vaughn, Tulsa, Okahoma, for Respondent/Appellant.
Bay Mitchell, Presiding Judge:
¶1 Respondent/Appellant Lesley Teague (Father) appeals from the trial court's order modifying child support for his disabled adult child. We find 43 O.S. 2011 §118I(A)(3), providing that an order modifying child support shall be effective upon the date the motion to modify was filed, applies to an order modifying support for a disabled adult child pursuant to 43 O.S. 2011 §112.1A. The trial court erred as a matter of law by using a different date. That part of the order is reversed and remanded with instructions to make the order effective upon the date Father filed his motion and adjust the amount of the credit to Father. We find the amount of support ordered is not clearly against the weight of the evidence so as to constitute an abuse of discretion. That part of the order is affirmed.
¶2 Father and Petitioner/Appellee Susan Teague (Mother) were married December 31, 1989. Mother filed a petition for dissolution of marriage November 18, 2011. The parties had two children during the marriage, V.C.T. and C.A.T. At the time of the divorce, V.C.T. was a minor child and C.A.T., born September 6, 1990, was a disabled adult child. The trial court entered a Decree of Dissolution of Marriage March 28, 2013. The Decree ordered Father to pay adult child support for C.A.T., who lived with Mother. On September 23, 2015, the trial court modified child support for C.A.T. from $364.36 per month to $813.70 per month and ordered Father to pay the arrearage in the amount of $16,314.71 plus interest. That order was not appealed.
¶3 On December 21, 2015, Father filed a Combined Motion to Terminate Child Support and Motion for Developmental Assessment of the Parties' Adult Child. Father alleged that C.A.T. was capable of being independent and self-supportive. While the motion to terminate support was still pending, Father filed a Motion to Modify Child Support January 19, 2016. Father asserted that since the September 23, 2015 support order, the factors upon which child support was computed had materially and significantly changed. Father alleged that his wages had decreased and Mother's wages had increased. The trial court ordered a psychoeducational evaluation by Dr. Jennifer Benton. Dr. Benton evaluated C.A.T. July 19, 2016. She diagnosed C.A.T. with mild intellectual disability and anxiety disorder, found her IQ was 65, and opined that she will continue to need supervision and support.
¶4 On August 22, 2016, Father filed an Amended Motion to Modify Child Support and Request for Extraordinary Relief based on the change in wages. He alleged that he lost his job in June 2015 and earns less at his new job. Father also argues that in addition to the $813.70 per month in child support for C.A.T., he has been ordered to pay past due child support at 10% interest, has been found guilty of indirect contempt, and ordered to pay Mother's attorney fees related to the contempt citation. These liabilities make his total monthly payment to Mother $1,181.57. Father also asserts that he is paying Mother $403.00 per month pursuant to a Chapter 13 bankruptcy proceeding and he has incurred additional medical expenses from having his gall bladder removed. Father claims that based on his current household budget he cannot make these payments and asks the trial court to reduce the amounts.[1] On September 23, 2016, Father filed a motion to dismiss his Motion to Terminate Child Support, which was filed December 21, 2015. The trial court granted the motion to dismiss September 27, 2016.
¶5 The trial on Father's Amended Motion to Modify Child Support was held October 28, 2016, June 30, 2017, August 15, 2017, and September 28, 2017. The trial court found there has been a permanent, material and substantial change of condition in Father's income and reduced his support obligation from $813.70 per month to $387.31 per month. The trial court found this amount was "for the minimum needs directly related to the disabled adult child." The trial court determined the effective date of the modified amount of child support was January 15, 2017 and ordered Father a credit in the amount of $426.39 per month from January 2017 through May 2018. Father appeals.[2]
¶6 Father raises two issues on appeal.[3] First, he argues the order modifying child support should have been effective upon the date he filed his Motion to Modify Child Support. Second, he argues Mother failed to prove C.A.T.'s mental or physical disability required 24-hour personal supervision or substantial care.
¶7 Father's first proposition of error raises an issue of statutory construction. Statutory construction presents a question of law which we review de novo. See Fanning v. Brown, 2004 OK 7, ¶8, 85 P.3d 841. We have plenary, independent and nondeferential authority to determine whether the trial court erred in its legal rulings. Id.
¶8 Father argues 43 O.S. §118I(A)(3) applies to the modification of support for a disabled adult child. Section 118I concerns the modification of support orders for minor children. The statute provides, in pertinent part, that "[a]n order of modification shall be effective upon the date the motion to modify was filed, unless the parties agree to the contrary or the court makes a specific finding of fact that the material change of circumstance did not occur until a later date." 43 O.S. 2011 §118I(A)(3). Father filed his Motion to Modify Child Support January 19, 2016. Without making a specific finding of fact that the material change of circumstances did not occur until a later date, the trial court ordered that child support be modified beginning January 15, 2017. Father argues the trial court erred by not using the filing date -- January 19, 2016 -- as the effective date. Relying on In re Marriage of Morgan, 2019 OK CIV APP 5, 438 P.3d 837, Mother argues an order modifying child support does not relate back to the date of filing when the order is for support of a disabled adult child.[4]
¶9 The fundamental purpose of statutory construction is to determine and give effect to the intent of the Legislature. See Humphries v. Lewis, 2003 OK 12, ¶7, 67 P.3d 333. If the language is clear and unambiguous, this Court must apply the plain meaning. Id. However, when the legislative intent cannot be determined from the statutory language due to ambiguity or conflict, rules of statutory construction should be employed. See Keating v. Edmondson, 2001 OK 110, ¶8, 37 P.3d 882.
¶10 Title 43, §112.1A does not expressly adopt §118I(A)(3) or otherwise provide when an order modifying disabled adult child support is effective. However, subsection (F) provides that "[a]n order provided by this section . . . may be modified or enforced in the same manner as any other order provided by this title." 43 O.S. §112.1A(F) (emphasis added). This language is unambiguous. We find the plain and ordinary meaning of subsection (F) is that a disabled adult child support order may be modified in the same manner as orders modifying child support for minor children, which includes 43 O.S. §118I(A)(3). Reading §112.1A(F) and §118I(A)(3) together does not conflict with any other provisions, as §112.1A is silent as to the effective date of an order modifying disabled adult child support. Like an order modifying support for a minor child, an order modifying support for a disabled adult child shall be effective upon the date the motion to modify was filed, unless the parties agree to the contrary or the court makes a specific finding of fact that the material change of circumstance did not occur until a later date. See 43 O.S. §118I(A)(3).
¶11 In Morgan, the Court of Civil Appeals touched on this issue. See Morgan, 2019 OK CIV APP 5, ¶¶47-50. Morgan was also a post-divorce proceeding. However, the procedural history is slightly different. The parties were divorced when the disabled child was a minor, and the father was ordered to pay child support. Id. ¶2. Prior to the disabled child's eighteenth birthday, the mother filed a motion for adult child support. Id. ¶5. The trial court granted the motion and ordered child support for the disabled adult child. Id. ¶25. Additionally, the trial court found that because the father had stopped paying any support after the child turned eighteen years old, he owed past due child support since that time. Id. One of the issues Father raised on appeal was whether the trial court could "retroactively" establish support and award the mother an arrearage from the date he stopped paying support (the child's eighteenth birthday). Id. ¶47. The appellate court determined that because the Legislature did not explicitly extend 43 O.S. §118I(A)(3) to 43 O.S. §112.1A, the statute providing for support of disabled adult children, the trial court erred by entering a judgment for past due support. See id. ¶¶49-50.
¶12 We acknowledge that another Division of this Court has suggested that an order modifying support for a disabled adult child is not effective upon the date the motion to modify was filed. See id. ¶¶47-50. However, opinions ordered for publication by the Court of Civil Appeals only have persuasive effect. See Rule 1.200(d)(2), Okla. Sup. Ct. Rules, 12 O.S. 2011, ch. 15, app. 1. We are unpersuaded by the analysis construing 43 O.S. §112.1A in Morgan and conclude that §118I(A)(3) applies to orders modifying support for an adult disabled child under §112.1A. In reaching the opposite conclusion, the Morgan court did not address the meaning of subsection (F) of §112.1A.[5]
¶13 Father filed his Motion to Modify Child Support January 19, 2016. The trial court erred as a matter of law by making the modification order effective January 15, 2017. We reverse that part of the order and remand with instructions for the trial court to modify paragraph 3 of the order to provide that Father shall pay $387.31 per month beginning February 15, 2016 (the date the next payment was due after he filed his motion to modify) and to modify paragraph 5 to give Father a credit in the amount of $426.39 per month from February 2016 to May 2018.
¶14 Father's second proposition of error is that Mother "failed to prove that the adult child had sufficient mental or physical disability needs which required 24 hour personal supervision or substantial care." This actually suggests two errors: (1) the trial court erred by finding C.A.T. is eligible for any support because she does not require substantial care and personal supervision because of her disability and she is capable of self-support, see 43 O.S. §112.1A(B)(1); and (2) the trial court erred by ordering support in the amount of $387.31 per month, because Mother failed to show C.A.T.'s living expenses are "directly related to [her] mental or physical disability and the substantial care and personal supervision directly required by or related to that disability," 43 O.S. §112.1A(E)(1).
¶15 We review the trial court's modification of support for a disabled adult child for an abuse of discretion. See Gregory v. Gregory, 2011 OK CIV APP 89, ¶4, 259 P.3d 914. Child support proceedings are matters of equitable cognizance. See Thrash v. Thrash, 1991 OK 32, ¶12, 809 P.2d 665, 668. The appellate court reviews the entire record, weighs the evidence and will affirm a trial court's judgment relating to child support where it is just and equitable. Id. The appellate court will not disturb the trial court's determination as to the modification of child support unless the decision is clearly against the weight of the evidence so as to constitute an abuse of discretion. See Williamson v. Williamson, 2005 OK 6, ¶5, 107 P.3d 589.
¶16 Section 112.1A(B)(1) provides that the trial court may order support for a disabled adult child if it finds the child "requires substantial care and personal supervision because of a mental or physical disability and will not be capable of self-support" and the disability exists on or before the child's eighteenth birthday. 43 O.S. §112.1A(B)(1). This is the threshold question to determine if an adult child is eligible for support. After finding the adult child satisfies the requirements in subsection (B)(1), the trial court then determines the amount of support by considering the factors set forth in subsection (E). See 43 O.S. §112.1A(E); Morgan, 2019 OK CIV APP 5, ¶¶39-46; see also Gregory, 2011 OK CIV APP 89, ¶10. Section 112.1A(E) provides:
E. In determining the amount of support to be paid after a child's eighteenth birthday, the specific terms and conditions of that support, and the rights and duties of both parents with respect to the support of the child, the court shall determine and give special consideration to: 
1. Any existing or future needs of the adult child directly related to the adult child's mental or physical disability and the substantial care and personal supervision directly required by or related to that disability; 
2. Whether the parent pays for or will pay for the care or supervision of the adult child or provides or will provide substantial care or personal supervision of the adult child; 
3. The financial resources available to both parents for the support, care, and supervision of the adult child; and 
4. Any other financial resources or other resources or programs available for the support, care, and supervision of the adult child. 
43 O.S. 2011 §112.1A(E).
¶17 The trial court determined C.A.T. was a disabled adult child in need of some support, as defined by 43 O.S. §112.1A(B)(1), and ordered Father to pay support in the Decree of Dissolution of Marriage filed March 28, 2013 and the Joint Order Granting in Part and Denying in Part the Petitioner's Motion to Reconsider/Motion for New Trial and Judgment Regarding Child Support filed September 23, 2015. Father did not appeal those decisions. Father first challenged C.A.T.'s status as a disabled adult child in his Motion to Terminate Child Support and Motion for Developmental Assessment of the Parties' Adult Child filed December 15, 2015. He argued C.A.T. was capable of independence and self-support. However, on September 23, 2016, Father filed a motion to dismiss his motion to terminate support. In the motion to dismiss, Father asserted that the findings in the pyschoeducational evaluation are findings which may require the adult child to receive some type of child support pursuant to 43 O.S. §112.1A. The trial court granted Father's motion to dismiss September 27, 2016. The case proceeded to trial on Father's Amended Motion to Modify Support only. Several times throughout these proceedings and during trial, Father admitted C.A.T. is disabled and in need of some support. Father's counsel confirmed he had withdrawn his motion to terminate support challenging whether C.A.T. is a disabled adult child for purposes of subsection (B)(1). Mother argues and we agree Father cannot challenge C.A.T.'s status as a disabled adult child and whether she is eligible for any support based on the criteria in §112.1A(B)(1) for the first time on appeal. As a result, our review is limited to the trial court's decision to order support in the amount of $387.31 per month.
¶18 Father's Amended Motion to Modify identified his decrease in wages and Mother's increase in wages as the changed circumstances permitting the modification of child support.[6] The trial court found there was a change in Father's income and, as a result, reduced his support obligation by $426.39 per month. The trial court ordered Father to pay $387.31 per month "as disabled adult child support for [Father's] contribution for the minimum needs directly related to the disabled adult child." On appeal, Father briefly argues that he does not have the financial resources to pay child support, but he does not cite to evidence in the record on appeal. Father does not point to any evidence that supports a lesser amount of support nor does he identify the amount of support the trial court should have ordered. Father's arguments on appeal focus on to what extent C.A.T. can support herself and whether her living expenses are directly related to her disability.
¶19 Contrary to Father's assertion, the amount of support is not determined solely by whether the disabled adult child needs 24 hour personal supervision and substantial care. The "substantial care and personal supervision directly required by or related to [C.A.T.'s] disability" and whether Mother pays for or provides such care and supervision are just some of the factors the trial court is to give special consideration. See 43 O.S. §112.1A(E)(1)-(2). The trial court is to also consider any of C.A.T.'s existing or future needs directly related to her disability, the financial resources of both parents for her support, care, and supervision, and other financial resources or programs available. See id. §112.1A(E)(1)-(4).
¶20 There is evidence that C.A.T. needs some supervision. Due to her disability, C.A.T. cannot live independently and cannot meet basic needs, such as housing, transportation, food, clothing, and health care without financial support from her parents. These living expenses are directly related to C.A.T.'s disability. C.A.T. lives with Mother. Mother provides the other necessities, as well as non-essentials such as entertainment and family vacations. Mother put on evidence that C.A.T.'s average monthly living expenses are $2,068. C.A.T. receives $375 per month in SSDI benefits. She also has a job earning $300-325 per month for nine months out of the year. Father complains that the $2,068 in average monthly living expenses includes one-fourth of Mother's own household expenses (mortgage, utilities, etc.). He also disagrees with the inclusion of travel ($85) and entertainment ($200). However, Father's arguments are not well-developed and he has failed to show this Court how ordering him to pay child support in the amount of $387.31 per month is clearly against the weight of the evidence so as to constitute an abuse of discretion.
¶21 AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.
BELL, J., and SWINTON, J., concur.
FOOTNOTES
[1] Only modification of the amount of support for C.A.T. is an issue in this appeal.
[2] Mother filed a counter-appeal which was dismissed as untimely by order of the Supreme Court of Oklahoma September 17, 2018.
[3] Additionally, in his brief in chief, Father argues he is entitled to attorney fees and costs for both the trial court proceedings and the appeal. The record on appeal does not indicate Father sought attorney fees in the trial court or that he has appealed an order denying such request. Therefore, we will not review whether he is entitled to fees for the trial court proceedings. Pursuant to Okla. Sup. Ct. Rule 1.14, Father's request for appeal-related attorneys fees and costs must be made by a separately filed and labeled motion in the appellate court prior to issuance of mandate.
[4] Mandate issued in Morgan after Father filed his brief in chief.
[5] The Morgan court emphasized that the Legislature expressly provided that 43 O.S. §115, which addresses income assignments, applied to modification of disabled adult child support under 43 O.S. §112.1A(D)(3) but did not make a similar arrangement for 43 O.S. §118I(A)(3). See In re Marriage of Morgan, 2019 OK CIV APP 5, ¶50, 438 P.3d 837. Section 112.1A(D)(3) provides: "If there is a court of continuing, exclusive jurisdiction, an action under this section may be filed as a suit for modification pursuant to Section 115 of this title." Section 115 deals with income assignments in child support orders. In Morgan, the mother suggested the Legislature made a mistake and argued "it is possible that subsection 112.1A(D)(3) should refer to 43 O.S. §118I, regarding modification of child support orders, instead of §115." 2019 OK CIV APP 5, ¶48. The Morgan court noted it cannot speculate as to what the Legislature meant to do. See id. ¶50.
We acknowledge that §112.1A(D)(3), as written, does not make much sense. A suit for modification is filed pursuant to §118I, not §115. However, this observation does not alter our decision, because our analysis is based on the plain and ordinary meaning of §112.1A(F), rather than §112.1A(D)(3). Section 112.1A(D)(3) does not address the effective date of an order modifying adult disabled child support and is irrelevant hereto.
[6] "Child support orders may be modified upon a material change in circumstances which includes, but is not limited to, an increase or decrease in the needs of the child, an increase or decrease in the income of the parents, . . . or when one of the children in the support order . . . ceases to be entitled to support pursuant to the support order. The court shall apply the principles of equity in modifying any child support order due to changes in the circumstances of either party as it relates to the best interests of the children." 43 O.S. §118I(A)(1). Father's motion was not based on a decrease in C.A.T.'s needs.




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2011 OK CIV APP 89, 259 P.3d 914, GREGORY v. GREGORY
Discussed at Length
 2019 OK CIV APP 5, 438 P.3d 837, IN RE THE MARRIAGE OF MORGAN
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1991 OK 32, 809 P.2d 665, 63 OBJ 1078, Thrash v. Thrash
Discussed
 2001 OK 110, 37 P.3d 882, 72 OBJ 3672, KEATING v. EDMONDSON
Discussed
 2003 OK 12, 67 P.3d 333, HUMPHRIES v. LEWIS
Discussed
 2004 OK 7, 85 P.3d 841, FANNING v. BROWN
Discussed
 2005 OK 6, 107 P.3d 589, WILLIAMSON v. WILLIAMSON
Discussed
Title 43. Marriage
 Cite
Name
Level

 43 O.S. 112.1A, Parental Support of Children with Disabilities
Discussed at Length
 43 O.S. 118I, Modification of Child Support Orders - Material Change in Circumstances
Discussed at Length
 43 O.S. 115, Child Support Orders to Include Provision for Income Assignment-Voluntary Income Assignment
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA